IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 05-309-JPG |
| | ) |
| **JOHN EVANS, KEITH HUBLER, BRETT** | ) |
| **KLINDWORTH and KAREN PRATT,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff alleges that Defendant Hubler has persistently harassed him with derogatory remarks. He also states that Hubler has occasionally pushed him and applied handcuffs too tightly. He also claims that Hubler wrote a false disciplinary ticket; Klindworth and Pratt found him guilty of those charges and sentenced him to segregation for 60 days.[1] Plaintiff complained in writing to Defendant Evans about Hubler's actions, yet he failed to take action to remedy the situation.

Several claims can be gleaned from these allegations. First, Plaintiff presents a claim against Hubler for harassment. However, incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g.*, *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Based on the allegations in the complaint, Plaintiff has not presented a viable claim against Hubler for verbal harassment.

Nor has he presented a viable claim against Hubler for the occasional push, or the few

---

[1] According to the Adjustment Committee Summary, his punishment was 60 days in segregation; Plaintiff alleges that he was held in segregation an additional 30 days for no reason.

instances in which handcuffs were too tight. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Plaintiff's allegations against Hubler suggest just such a *de minimis* use of force, which is not actionable under the Eighth Amendment.

Plaintiff's next claim involves the disciplinary ticket he received from Hubler on February 24, 2004, for intimidation or threats and insolence, which resulted in 60 days in segregation.[2] When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). However, Plaintiff has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). *See generally Sandin v. Conner*, 515 U.S. 472, 483 (1995). Accordingly, Plaintiff has no claim against Hubler, Klindworth and Pratt for their respective roles in this disciplinary proceeding.

Plaintiff's final claim is against Defendant Evans for failing to respond to his grievances

---

[2] Plaintiff received a second ticket from Hubler that same day for fighting with his cell mate, but Plaintiff provides no further information regarding the outcome of that incident.

regarding Hubler's behavior.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Therefore, Plaintiff has no claim against Evans for failing to respond to his grievances, or for failing to provide him with his requested relief.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are **MOOT**.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: February 28, 2006.**

          **s/ J. Phil Gilbert**
          **U. S. District Judge**